## DANIEL SILLOWAY *vs.* SARAH W. HALE.

After a verdict for the demandant in a writ of entry, for a described portion of the de
manded premises, and judgment thereon, a writ of error to reverse the judg ment will
not be sustained on the ground that there are no sufficient monuments or other means to
enable the parties accurately to ascertain the land described in the verdict.

WRIT OF ERROR to reverse a judgment rendered in favor of
the defendant in error upon a verdict returned on the trial of a
writ of entry, for a portion of the premises therein demanded.
The description in the verdict was as follows : " Commencing
at the easterly corner of the demanded premises, at land of
Thomas Burnham and Daniel Silloway, and thence running by
said Silloway's land southwesterly forty-three feet to a corner
thence by said Silloway's land northwesterly two rods and four-
teen links to a corner; thence northeasterly forty-three feet
eleven inches to a corner, by land formerly Banister's; thence
southeasterly two rods and eighteen links, by said Banister's
land, to point begun at." The errors assigned were, that there
were no monuments by which the described premises can be
ascertained, and that the description is uncertain, and does not
apply to any particular part of the premises demanded in the
writ, and that neither in the verdict nor the judgment is there
any sufficient description of the premises covered by the verdict
and judgment to allow the same to be ascertained; and the
plaintiff in error introduced evidence which showed that there
are no monuments on the premises, either at the place of com-
mencement or at either of the places called corners. The case
was reserved by *Dewey*, J. for the determination of the whole
court.

*S. B. Ives, Jr.*, for the plaintiff in error.

*E. F. Stone*, for the defendant in error, submitted the case
without argument.

DEWEY, J. The error assigned by the plaintiff in error, that
neither in the verdict nor judgment thereon is there any suffi-
cient description given of the premises to enable the parties to
ascertain the same, is purely a question of fact, and is so dealt

with by the parties. Although error in fact may sustain a writ of error, the present case does not seem to fall within that class in which judgments have been reversed on that account. Whether a verdict does not sufficiently describe a given parcel of land, or any parcel, so that the same may be ascertained, does not seem to be a question properly raised by a writ of error. The party is not prejudiced by a judgment upon a verdict in a real action, which fails to describe the premises with sufficient minuteness and particularity of boundaries or courses and distances. He cannot be affected by such judgment, if it cannot be applied to any certain parcel of land. From the nature of the case, this question of the accuracy of the description of the land, and whether the same is embraced in the verdict, is to be settled by facts shown by witnesses and plans, and by a reference to all the boundaries which are mentioned therein. If the plaintiff in error is desirous of settling this question, he may easily do so by taking possession, and asserting his title to such land as he supposes the defendant in error claims to hold by his judgment; or he may proceed by his writ of entry to recover the same, and if the defendant in error sets up this judgment as establishing the title in himself, it will be incumbent on him, if he would maintain his title thereby, to show that the verdict upon which such judgment was entered does embrace the premises in controversy. If he fails so to do, the judgment will be wholly ineffectual to aid his title.

The judgment of the superior court must be affirmed, with costs to the defendant in error.